# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## STATE OF TENNESSEE v. ARZOLIA CHARLES GOINES

**Appeal from the Criminal Court for Knox County**
**No. 78127     Ray Jenkins, Judge**

**No. E2003-03013-CCA-R3-PC - Filed January 27, 2005**

The petitioner, Arzolia Charles Goines, appeals the trial court's dismissal of his petition for post-conviction relief.  The state has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20.  *See* Tenn. Ct. Crim. App. R 20. The petition was properly dismissed as time-barred.  Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part Pursuant to Tenn. Ct. Crim. App. R. 20, Appeal Dismissed in Part.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which GARY R. WADE, P.J., and NORMA MCGEE OGLE, J., joined.

Arzolia Charles Goines, Whiteville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michelle Chapman McIntire, Assistant Attorney General; Randall E. Nichols, District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On May 12, 1988, the petitioner was convicted of armed robbery, second-degree burglary, and grand larceny.  He was sentenced as an habitual offender to life imprisonment for the burglary and robbery convictions and to ten years' imprisonment for the larceny conviction. On direct appeal, the larceny conviction was reversed and dismissed.  The judgment of the trial court was affirmed in all other respects.  See State v. Arzolia Charles Goines, No. 1208 (Tenn. Crim. App. Apr. 14, 1989), app. denied (Tenn. July 3, 1989).

On October 7, 2003, the petitioner filed a petition for post-conviction relief in which he challenged his 1978 burglary conviction. On that same date, the petitioner also filed a motion seeking relief under the DNA Analysis Act of 2001, and a motion to correct his 1988 sentences as "illegal and void."  On October 31, 2003, the petitioner filed a second post-conviction petition challenging his 1981 aggravated assault and burglary convictions and a second motion for relief under the DNA Act.  The petitioner filed a third post-conviction petition on November 18, 2003,

again challenging his 1981 convictions.[1] The record reflects that all six of the aforementioned pleadings were docketed under trial court case number 78127. On November 18, 2003, the trial court dismissed the October 31, 2003, post-conviction petition finding that previously filed post-conviction petitions had been dismissed as time-barred and concluding that the matter had thus been previously determined. The trial court specifically noted the dismissals of post-conviction petitions filed by the petitioner in June 1998, and May 1990, and the dismissal of motions to reopen the petitions filed in April 2003 and May 2003. The trial court's order of dismissal did not address either the October 7 or November 18 post-conviction petitions, the petitions for relief under the DNA Act, or the motion to correct illegal sentence.[2] The petitioner's notice of appeal followed.[3]

Before this court, the petitioner focuses his challenge on the 1988 convictions that triggered his conviction as an habitual offender and the resulting life sentence. He contends that he previously filed timely post-conviction petitions challenging the 1988 convictions but asserts that they were dismissed in 1997 as barred by the statute of limitations. The petitioner asserts that the trial court erroneously relied on the dismissals of his previous petitions in ruling on the instant petitions. The petitioner asserts that upon a determination of habitual criminality and the imposition of an enhanced sentence, a petitioner is entitled to seek post-conviction relief and the statute of limitations does not apply.

The state submits that all of the post-conviction petitions contained in the instant record are time-barred as they were filed outside the three-year statute of limitations applicable to the petitioner's 1978, 1981 and 1988 convictions. See Tenn. Code Ann. § 40-30-102 (1990). In support of his October 31, 2003, petition, the petitioner claimed that the statute of limitations should not apply because he is "serving life as a habitual criminal and hasn't had a chance to collaterally attack these priors that were used to enhance [his] conviction." The petition was filed well beyond the then applicable three-year limitations period. The trial court properly denied relief and, as to this petition, the state's motion for summary affirmance is well-taken. The state does not address, however, the petitions for relief under the DNA Act or the motion to correct an illegal sentence. As noted, the trial court's November 18, 2003, order does not dispose of these pleadings and the record contains no other applicable orders.

As discussed herein, the trial court properly dismissed the petition for post-conviction relief filed on October 31, 2003. Accordingly, as to this petition, the state's motion is granted. The judgment of the post-conviction court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

---

[1] The record also contains a post-conviction petition filed on November 18, 2003, docketed under trial court case no. 77102. It is unclear why this petition was included in the instant record of case no. 78127.

[2] The record further contains an August 26, 2003, order dismissing a "motion to correct illegal sentence" filed by the petitioner on August 8, 2003, in case no. 77818. The order does not appear to be relevant to the instant appeal.

[3] The December 11, 2003, notice of appeal reflects only that the petitioner "files notices of appeal to the Court of Criminal Appeals" in case no. 78127.

As to the remaining pleadings, no final judgment appears of record as a basis for any appeal as of right.  <u>See</u> Tenn. R. App. P. 3(b).  Accordingly, the appeals are dismissed.


_____
**JAMES CURWOOD WITT, JR., JUDGE**